THE STATE ex rel. BRUCE v. HAWES et al.,
Appellants.

In Banc, November 3, 1903.

**Turnkey: TERM: REMOVAL.** The police act for St. Louis vested the board of police commissioners with the power to fix the terms of the officers of police, including the turnkey, and if the board has not done so, the officers hold for an indefinite term, and are liable to be removed at any time, without notice, charges or hearing.

Appeal from St. Louis City Circuit Court.—*Hon. S. P. Spencer*, Judge.

REVERSED.

*C. W. Bates* and *Wm. F. Woerner* for appellants.

*A. A. Paxson* for respondent.

GANTT, J.—Mandamus for $645.66 2-3, salary as turnkey from October 17, 1895, to August 13, 1896. Judgment for relator, and defendants appealed.

Relator was appointed probationary patrolman on October 20, 1885, promoted to regular patrolman April 13, 1886, reduced to the rank of turnkey August 1, 1893, and dropped from the rolls on October 17, 1895; was reappointed turnkey August 12, 1896, was promoted to position of probationary patrolman on July 1, 1898, was promoted to the rank of regular patrolman on August 31, 1899, and is still serving as such.

Relator's theory is that when he was reduced from the rank of regular patrolman to the rank of turnkey on August 1, 1893, he was thereby entitled to a term of four years beginning on said August 1, 1893, and that he could only be removed for cause, upon charges and hearing.

As pointed out in State ex rel. Rife v. Hawes, reported at page 360 of this volume, in respect to the claim of Marcus Blair, the police act vested the board with the power to fix the term of the officers of police, including turnkey, and the board has never done so, and the result is that the officers hold for an indefinite term and are liable to be removed by the board at any time, without notice, charges or hearing.

The relator, therefore, has no claim, and the judgment of the circuit court is erroneous, and it is reversed and the writ quashed.

All concur.